UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK LASS,<br><br>  Plaintiff,<br><br>v.<br><br>CHEX SYSTEMS, INC.,<br><br>  Defendant. | Case No.: 24-cv-0741-LL-MMP<br><br>**AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

A Status Conference was held on **January 8, 2025**. After consulting with the attorneys of record for the Parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1. Counsel[1] shall refer to Judge Lopez's Chambers Rules for Civil Cases, as well as the undersigned magistrate judge's chambers rules, which are accessible via the Court's website at www.casd.uscourts.gov.

2. A Status Conference is set for **March 4, 2025** at **9:00 a.m.** before Magistrate Judge Pettit. The parties shall appear via videoconference. The conference is accessible via Zoom: Meeting ID: 161 760 0934, Passcode: 446905

---

[1] References to "counsel" throughout this order include any party representing himself or herself.

1

24-cv-0741-LL-MMP

3. All fact discovery shall be completed by all parties on or before **April 28, 2025**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without Court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

4. The parties shall designate their respective experts in writing on or before **April 28, 2025**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The deadline for exchange of rebuttal experts shall be on or before **May 16, 2025**. Expert designations shall include the name, address, and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5. All expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) shall be served on all parties on or before **June 13, 2025**. Any contradictory or rebuttal

information shall be disclosed on or before **July 11, 2025**. In addition, Federal Rule of Civil Procedure 26(e) imposes a duty on the parties to supplement the expert disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) by the time that pretrial disclosures are due under Federal Rule of Civil Procedure 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

6. All expert discovery shall be completed by all parties on or before **August 8, 2025**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7. All pretrial motions, which includes *Daubert* motions but excludes motions in limine, shall be filed on or before **September 12, 2025**. Counsel for the moving party shall set the motion hearing date 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Lopez's chambers for a motion hearing date. The parties should review Judge Lopez's Chambers Rules for Civil Cases for the additional requirements for noticed motions before Judge Lopez.

Pursuant to Civil Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Civil Local Rule 7.1.e.2 or face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1.f.3.c.

8. A Mandatory Settlement Conference shall be conducted on **August 20, 2025** at **9:30 a.m.** before **Magistrate Judge Michelle M. Pettit**. All parties are ordered to read

and to fully comply with Judge Pettit's Chambers Rules available on the Court's website.

    a.    No later than **July 21, 2025**, Plaintiff must serve on Defendant a written settlement proposal, which must include a specific demand amount. Defendant must respond to the Plaintiff in writing with a specific offer amount **within seven (7) days**. The parties shall not file or copy the Court on these exchanges.

    b.    No later than **August 6, 2025**, the parties must meet and confer in person or via videoconference to discuss at least the following: (i) Who will attend the MSC on behalf of each party, including counsel, client representatives with full authority to make final decisions regarding any settlement offer, and any insurance representatives; (ii) Identification of any persons or entities, such as a board of directors, who must approve a proposed settlement agreement, as well as the nature and duration of any approval process; and (iii) Insurance coverage available to cover all or part of the claimed losses or to fund all or part of any party's defense, and the status of any tenders for coverage.

    c.    No later than **August 11, 2025**, each party must submit a MSC Statement (not to exceed ten pages) that will be exchanged with the other parties. Each party may also submit an optional Confidential Settlement Letter (not to exceed five pages) that will be for the Court's review only. Both the MSC Statement and the Confidential Letter (if one is submitted) shall be lodged (not filed) with the Court via email (efile_Pettit@casd.uscourts.gov). Exhibits are limited to twenty (20) pages absent express permission from the Court in advance of the statement submission deadline.

    d.    The MSC Statement must be served on the opposing party and include at least the following: (i) a brief statement of the facts of the case; (ii) a brief statement of the claims and defenses, including the statutory or other grounds upon which the claims are founded, and a candid evaluation of the parties'

likelihood of prevailing on claims and defenses, and any major issues in dispute; (iii) a statement of facts not reasonably in dispute; (iv) a list of the key facts in dispute and the specific evidence relevant to a determination of those facts; (v) any discrete issue that, if resolved, would facilitate the resolution of the case; (vi) brief statement of the issues of law with respect to liability and damages (the statement must be supported by legal authority, but extended legal argument is not necessary); (vii) a statement of the relief sought, including an itemization of damages and any other non-monetary relief; and (viii) except to the extent prohibited by applicable rules of privilege, a summary of any prior settlement negotiations, including the settlement proposals exchanged pursuant to subsection (a) above.

e. Pursuant to the undersigned's Chambers Rule VI, the Court **SETS** a pre-settlement telephonic conference with counsel only on **August 19, 2025** at **9:30 a.m.** to prepare for the MSC. **Lead counsel must attend the call.** Counsel for each party shall provide Judge Pettit's Chambers via email (efile_Pettit@casd.uscourts.gov) with the attorney's name(s) and a direct number on which the attorney(s) can be reached within the hour. The Court will speak with counsel for each party consecutively, and the conversations will be confidential and off the record to the same extent as a settlement conference.

9. In jury trials before Judge Lopez, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f).

10. Counsel shall comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **December 11, 2025**. **Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.**

11. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) on or before **December 24, 2025**. The parties shall meet and confer and prepare a proposed

pretrial order containing the following:

 a. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

 b. A list of the causes of action to be tried, referenced to the complaint (and counterclaim if applicable). For each cause of action, the order shall succinctly list the elements of the claim, damages/remedies, and any defenses. A cause of action in the complaint (and/or counterclaim) which is not listed shall be dismissed with prejudice.

 c(1). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

 c(2). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

 c(3). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

 d(1). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. Plaintiff's exhibits must be identified numerically, starting with "1," and Defendant's alphabetically, starting with A to Z, then AA to AZ, then BA to BZ, etc.

 d(2). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.[2]

---

[2] When the proposed pretrial order is submitted to chambers, the Court prefers the trial exhibits to be jointly listed in a table format, including columns designated for exhibit

      e.     A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury at the beginning of trial.

      f.     A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

      g.     Whether the case will be tried by jury or by the Court without a jury.

      h.     Estimated number of hours per side for trial.

      i.     Counsel will note any objections they have to any other parties' Federal Rules of Civil Procedure 26(a)(3) pretrial disclosures.

Counsel shall cooperate in the preparation of the proposed pretrial order. The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

12.    Counsel for Plaintiff will be responsible for preparing the proposed pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). On or before **January 2, 2026**. Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's counsel concerning any objections to form or content of the proposed pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the proposed pretrial order.

13.    The proposed pretrial order, including objections to any other party's Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures, shall be lodged with the district judge's chambers on or before **January 8, 2026**, and shall be in the form prescribed in

---

numbers/letters, description of exhibits, whether there are objections to the exhibits, and grounds for objections. The joint table shall also include a column indicating whether the exhibits are likely to be used or may be used at trial, or alternatively, two separate joint tables shall be created with one for exhibits likely to be used and one for exhibits that may be used.

Civil Local Rule 16.1(f)(6) and this Order.

14. The filing deadline and hearing date for motions in limine will be set at or after the final Pretrial Conference.

15. The final Pretrial Conference is scheduled on the calendar of the **Honorable Linda Lopez** on **January 22, 2026** at **10:00 a.m.** in Courtroom 5D.

16. A post-trial settlement conference before a magistrate judge may be held within thirty days of verdict in the case.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five pages in length without leave of a district judge. No reply memorandum shall exceed ten pages without leave of a district judge. Briefs and memoranda exceeding ten pages in length shall have a table of contents and a table of authorities cited.

19. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated: January 8, 2025

HON. MICHELLE M. PETTIT
United States Magistrate Judge